IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YVES H. VIMEGNON,                                            3:16-cv-02304-HZ

          Plaintiff,

    v.

OREGON HEALTH & SCIENCES                          OPINION AND ORDER
UNIVERSITY,

          Defendant.

HERNANDEZ, District Judge:

Plaintiff Yves Vimegnon, appearing pro se, brings this employment discrimination action

against his former employer, Defendant Oregon Health & Sciences University.  Presently,

Plaintiff seeks to proceed *in formal pauperis* (IFP) under 28 U.S.C. § 1915.  I deny the motion.

A party seeking to bring a civil action in federal court must pay a filing fee of 400.  See

28 U.S.C. § 1914 (providing statutory fee of $350); U.S. Dist. Ct. Sch. of Fees (showing $400

civil filing fee as of January 1, 2017) (available at

https://www.ord.uscourts.gov/index.php/filing/fees) .  A civil action may proceed without the

1 - OPINION & ORDER

prepayment of a filing fee only if the court grants an application to proceed *in forma pauperis*.

28 U.S.C. § 1915(a).

The court has discretion to decide whether to grant *in forma pauperis* status.  See Calif.

Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires

the reviewing court to exercise its sound discretion in determining whether the affiant has

satisfied the statute's requirement of indigency"), rev'd on other grounds, 506 U.S. 194 (1993);

see also Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (review of denial of *in*

*forma pauperis* application is for abuse of discretion).

A litigant must show that he or she "cannot because of his poverty pay or give security for

the costs and still be able to provide himself and dependents with the necessities of life."  Adkins

v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Litigants are not required to

contribute their "last dollar" or "make themselves and their dependents wholly destitute."  Id.

But, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and

certainty."  Escobedo, 787 F.3d at 1234 (internal quotation marks omitted).

In his IFP application, Plaintiff represents that he is currently unemployed, that his last

employment was in April 2015, and that he has no income.  IFP App. ¶¶ 2, ECF 4.  His spouse is

employed, earning $110,000 per year.  Id. ¶ 3.  He has access to his spouse's funds to pay the

filing fee.  Id.  However, he explains that because of his "situation," which I understand to mean

the loss of his job, the couple experiences financial hardship making it impossible for them to

afford the filing fee.  Id.  He describes himself and his wife's mother as his wife's dependents and

explains that after expenses, they are often left with only $200 "until the rest of the month."  Id.

Plaintiff owns a Honda Accord valued at $23,000.  Id. ¶ 7.  He owns no other real estate,

2 - OPINION & ORDER

stocks, bonds, securities, other financial instruments, or other valuable property. Id. ¶ 6.  His

wife pays for housing, transportation, utilities, and other regular monthly expenses, but Plaintiff

neglected to provide the amounts of any of these monthly expenses. Id. ¶ 8.  In terms of debt, he

states that he owes $23,000 on an automobile loan, $18,000 in credit card debt, and $10,000 to a

patent lawyer. Id. ¶ 10.  Plaintiff and his wife have joint cash, savings, or checking accounts. Id.

¶ 5.  The amount in those accounts varies "up to $200 before end of month." Id.

  If only Plaintiff's income and debts are considered, he qualifies for IFP because his

income is zero and he has no appreciable assets.  But, in addition to considering an individual

IFP applicant's monthly income, federal courts have consistently considered "his or her other

financial resources, including resources that could be made available from the applicant's spouse,

or other family members." Helland v. St. Mary's Duluth Clinic Health Sys., No. 10–31, 2010

WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010); Behmlander v. Comm'r, No. 12–CV–14424,

2012 WL 5457466, at *2 (E.D. Mich. Oct, 16, 2012) (income of party's spouse "particularly

relevant"); see also Reynolds v. Crawford, No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D.

Ohio Nov.17, 2009) ("The case law also directs the courts to consider the income and assets of

the applicant's spouse in assessing an application to proceed *in forma pauperis*." ) (collecting

cases).  In the Ninth Circuit, a court may consider the income of an IFP applicant's spouse if a

reasonable inquiry into the spouse's assets and income establishes that those assets and income

are actually available to the IFP applicant. Escobedo, 787 F.3d at 1236.

  Plaintiff's wife's income indicates that IFP is not warranted for Plaintiff.  While the court

does not apply the federal poverty guidelines as the sole basis to grant or deny *in forma pauperis*

status, they are one measure of poverty.  A plaintiff with an income well above the applicable

3 - OPINION & ORDER

guideline, without substantial debts or expenses, may likely fail to establish an inability to pay the filing fee.  E.g., Lopez-Ruiz v. Tripler Army Med. Ctr., No. CV. 11-0066 JMS/BMK, 2011 WL 486952, at *1 (D. Haw. Feb. 4, 2011) (where plaintiff's income was well in excess of the federal poverty guidelines, she had other assets, and even though she had some debts her monthly income still exceeded her monthly expenses, court denied *in forma pauperis* application).

Currently, the 2016 federal poverty guideline for a family of two is $16,020. https://aspe.hhs.gov/poverty-guidelines.[1]  Even if Plaintiff's mother-in-law qualifies as a dependent, the 2016 federal poverty guideline for a family of three is $20,160.  Plaintiff's wife's income is more than five times the $20,160 level for three persons, and is just below seven times the $16,020 level for two persons.  The $400 filing fee is less than 0.4% of her gross annual income and is less than 1% of half of her gross annual income.  While Plaintiff has some debts and the family has ongoing expenses, the application suggests that the family's monthly income still exceeds monthly expenses.  Overall, the application fails to establish that payment of the filing fee would deprive Plaintiff's family of the necessities of life.

CONCLUSION

Plaintiff's IFP application [4] is denied.  Plaintiff must either pay the filing fee or file an amended IFP application within fourteen (14) days of the date of this Order.  If Plaintiff files an amended application, he must detail the expenses as requested in Paragraph 8.  Further, he must explain why Plaintiff's mother-in-law qualifies as a dependent as opposed to being the recipient of Plaintiff's wife's generosity.  Finally, if Plaintiff does not pay the filing fee or file an amended

---

[1]  The 2017 poverty guidelines are expected to be released approximately January 19, 2017.  https://aspe.hhs.gov/poverty-guidelines.

application by the deadline indicated here, the action will be dismissed without prejudice.

IT IS SO ORDERED.

Dated this _____9_____ day of _____Jan._____, 2017

_____
Marco A. Hernandez
United States District Judge

5 - OPINION & ORDER