IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YVES HECTOR VIMEGNON,            No. 3:16-cv-02304-HZ

       Plaintiff,

    v.

OREGON HEALTH AND            OPINION & ORDER
SCIENCE UNIVERSITY,

       Defendant.

Yves Hector Vimegnon
4914 N.E. 77th Ave
Portland, Oregon 97218

     Plaintiff Pro Se

Amy Joseph Pedersen
Ryan S. Kunkel
STOEL RIVES LLP
760 S.W. Ninth Avenue, Suite 3000
Portland Oregon 97205

     Attorneys for Defendant

/ / /

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Pro se Plaintiff Yves Vimegon brings this employment discrimination action against Defendant Oregon Health & Science University. Defendant moves to dismiss the action for failure to state a claim. I agree with Defendant that the claims are not sufficiently pleaded. Therefore, I grant the motion. But, as explained below, I grant Plaintiff leave to amend some of his claims.

BACKGROUND

Plaintiff filed his Complaint on December 9, 2016. Compl. ECF 1. Defendant was served on February 21, 2017, and received an extension of time in which to respond to the Complaint. ECF 7, 9. Defendant moved for another extension, this time representing that in conferring with Plaintiff about the Complaint and a possible motion against it, Plaintiff indicated he was going to file an Amended Complaint. ECF 11. I granted Defendant's motion, and gave Plaintiff until May 12, 2017 to file an amended pleading. ECF 12. Plaintiff filed an Amended Complaint on May 8, 2017. Am. Compl., ECF 14. Defendant then filed the instant motion.

In its motion, Defendant states that to give Plaintiff the benefit of any doubt, it has considered the claims and allegations in both the Complaint and the Amended Complaint, including a race discrimination claim which is asserted in the Complaint but the status of which is unclear in the Amended Complaint. The Court does the same and considers the allegations in both pleadings including the race discrimination claim along with the other claims.

The allegations raised by Plaintiff are not entirely clear based on his pleadings. However, it appears to the Court that Plaintiff, who is from Togo and has advanced degrees in medicine and public health, was employed by Defendant for several years as a fellow in vascular surgery

and epidemiology. Compl., Ex. 1 ¶¶ 1-3, ECF 1-1 (Copy of Pl. Admin. Compl. to Or. Bureau of Labor & Industries (BOLI) (hereinafter the "BOLI Complaint")). During that time, he was involved in developing a "hand-function diagnostic and therapeutic technological device[.]" *Id.* at ¶ 4. He alleges that he was not credited with being the device's inventor and that another physician was "misappropriating my invention." *Id.* at ¶ 6. He complained about the issue to Defendant. *Id.* He asserts that Defendant ignored his complaints and that in September 2013, he complained to Defendant's Affirmative Action & Equal Opportunity Office (AAEO) about the misappropriation of his invention, the "Department of Surgery's attempts to push me out of the inventorship claims, and the public reinforcement of that misrepresentation" when a presentation about the device was made to a "full-auditorium" without giving Plaintiff inventorship credit. *Id.* at ¶¶ 7, 8.

In September 2013, Plaintiff, and others, received an email from Lori Watson, an employee in Defendant's Human Resources Department, stating that she had contacted Defendant's Public Safety Office about Plaintiff's "situation." *Id.* at ¶ 9. She informed the other email recipients that they could contact Public Safety directly if they had safety concerns about Plaintiff. *Id.* At some point thereafter, after Plaintiff's inventorship concerns were brought to the attention of Dr. Norwood Knight-Richardson, Watson wrote to Plaintiff telling him not to contact Dr. Knight-Richardson or his assistant again. *Id.* at ¶¶ 11-12.

Approximately one year later, in February 2015, Plaintiff applied for and was offered a System Application Analyst position with Defendant. *Id.* at ¶ 13. In April 2015, Defendant rescinded the offer on the basis of "internal references concerns about [Plaintiff's] judgment, critical thinking, and ability to follow instructions." *Id.* at ¶ 15. According to the allegations in

Plaintiff's BOLI Complaint, Defendant told him he had failed the background check because he failed to comply with directives not to contact Defendant's senior executives. *Id.*

Based on these allegations, Plaintiff brings claims of national origin and race discrimination under federal and Oregon law, retaliation under federal and Oregon law, and disability discrimination under federal law. *See* Compl., § II (alleging discrimination and retaliation claims under Title VII, 42 U.S.C. §§ 2000e-2000e-17, a claim of whistleblowing under Oregon Revised Statute § (O.R.S.) 659A.199, and a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213); Am. Compl. at p. 1 (alleging retaliation under Title VII, 42 U.S.C. § 2000e-3 "based on whistleblowing and complaints", violation of O.R.S. 659A.199, "[w]histleblowing on lack of research integrity," and the ADA).[1]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). However, the court need not accept unsupported conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992); s*ee also*

---

[1] In a footnote on the first page of the Amended Complaint, Plaintiff states: "The current claim comes in addition to the previous filing in date of 12/09/2016 [the date the original Complaint was filed]. This is the primary basis of the tort. The race discrimination claim should is secondary. It is just a reality." Am. Compl. at p.1.

4 - OPINION & ORDER

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks and alterations omitted).

## DISCUSSION

Defendant moves to dismiss the Amended Complaint/Complaint in their entirety because the pleadings fail to make a "short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8(a)(2), or alternatively, fail to plead any available damages. Defendant also moves to dismiss individual claims because, for various reasons, they fail to state a claim. I address the arguments as to the particular claims first, then address the damages and Rule 8 arguments.

I. ADA Claim

Plaintiff attached a copy of his February 2016 BOLI Complaint to the Complaint filed here. Accordingly, I may consider it in ruling on a Rule 12(b)(b) motion to dismiss. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (on a motion to dismiss, court may consider materials incorporated into the complaint); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (material submitted as part of the complaint may be considered on a motion to dismiss).

The BOLI Complaint raised state and federal discrimination and retaliation claims based on race and whistleblowing. BOLI Compl. at p. 1, ¶ 21. It contains no assertion of any claim based on disability and makes no factual assertions of an actual, perceived, or reported disability. *Id.* at pp. 1-3; ¶ 21. The ADA requires a plaintiff alleging discrimination or retaliation based on disability to exhaust administrative remedies before filing suit in court. 42 U.S.C. § 12117(a)

(adopting the Title VII remedial procedures set forth in 42 U.S.C § 2000e–5). The Ninth Circuit has expressly held that these Title VII procedures require the exhaustion of administrative remedies before a court acquires subject-matter jurisdiction. *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 644 (9th Cir. 2004); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Because Plaintiff failed to administratively raise a disability discrimination claim, he has failed to exhaust his administrative remedies with respect to such a claim. As a result, this Court lacks subject matter jurisdiction over the claim and it is dismissed with prejudice.

II. Title VII Retaliation Claim

Defendant moves to dismiss this claim because Plaintiff fails to allege that he engaged in any activity protected by Title VII. Title VII prohibits retaliation for complaints made under Title VII. 42 U.S.C. § 2000e-3. Title VII addresses prohibits discrimination against employees because of their "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2. Defendant argues that the only facts in support of a retaliation claim are those involving Plaintiff's complaints about the invention. Because any conduct taken by Defendant in retaliation for a complaint about an invention is not conduct taken in retaliation for a complaint of "race, color, religion, sex, or national origin" discrimination, Defendant argues that the claim must be dismissed.

The allegations in the December 9, 2016 Complaint and the two attachments labeled "Some dates important to the case" and "Additional facts about my case," make no reference to Plaintiff having made any complaints about discrimination based on any category protected by Title VII. The BOLI Complaint contains a list of alleged claims including "ORS 659A.030(a); (f); Discrimination based on race and retaliation for opposing unlawful employment practices,"

and "42 U.S.C. § 2000e-3; Retaliation based on whistleblowing." BOLI Compl. at p. 1. The list of claims is unclear as to whether Plaintiff asserted a retaliation claim based on complaints protected by Title VII.

Continuing in the BOLI Complaint, in the introduction to his more detailed factual allegations, Plaintiff explained that he alleged "unlawful employment practice in that OHSU discriminated and retaliated against me based on my race and *my complaints about race discrimination*, and unlawfully rescinded its employment offer to me." *Id.* (emphasis added). This is clearly an allegation that he was retaliated against based on complaints protected by Title VII. But, it is conclusory and without more, it does not state a claim.

In his more specific allegations in the BOLI Complaint, Plaintiff asserts he is a "Black male from Togo, West Africa." *Id.* ¶ 1. He also asserts the following: (1) in October 2012, he complained to Defendant regarding Dr. Gregory Landry's false disclosure listing Dr. Landry as the "100%" inventor and misappropriating his invention; (2) he complained about Defendant ignoring his concerns after Watson "inappropriately" dismissed his complaints about Dr. Landry; (3) in September 2013, he complained to Defendant's AAEO about Defendant's "treatment, including the misappropriation of my invention," as well as the Department of Surgery's alleged attempt to push him out of the inventorship claims, and the failure to acknowledge his inventorship role during the Grand Round presentation of the hand-function device; (4) in September 2013, after complaining "about the treatment I received regarding [the invention]," Watson contacted Plaintiff and "other people whom I was interacting with," indicating she had contacted Public Safety, which "falsely portray[ed] me as a safety concern at best, and at worst, as an angry Black male"; (5) in April 2015, Defendant withdrew its offer for the System

7 - OPINION & ORDER

Application Analyst position, falsely claiming that Plaintiff had repeatedly been told to not contact OHSU senior executives but refused to stop until Public Safety became involved; and (6) that the allegations regarding his failure to stop contacting senior executives were "simply false" and the concerns about his judgment, critical thinking, and ability to follow instructions that were allegedly raised by his conduct were "founded on derogatory assumptions about me based on my race and national origin." *Id.* ¶¶ 6-9, 15, 16. He concluded his allegations with an assertion that Defendant discriminated and retaliated against him based on his race and national origin and based on his opposition to what he believed to be unlawful employment practices. *Id.* ¶ 21.

Even reading these allegations liberally given Plaintiff's pro se status, there are few actual facts to support a claim of retaliation based on having made a Title-VII protected complaint. The allegations center on complaining about the lack of credit for inventing the hand function device. Other than a couple of conclusory assertions, the Complaint and the BOLI Complaint fail to allege facts showing that Plaintiff complained about race or national origin discrimination.

In his Amended Complaint, Plaintiff contends that he was made to suffer for making claims of inventorship and for complaining when a misrepresentation about the inventorship was made public. Am. Compl., ¶ 7. He also contends that he complained and "blew the whistle" about Dr. Landry and Watson. *Id.* p. 5. He continues with allegations regarding complaining about the invention. *Id.* ¶¶ 16-19. He alleges that Watson planned to retaliate against him but his allegations are unclear. *Id.* ¶ 20. He refers to the September 2013 email sent by Watson to Plaintiff and copied to several others stating that she is the "point person for contact" with Plaintiff, that she would "follow up with Dr. Knight-Richardson on Monday regarding this issue," and that she contacted Public Safety "about the situation." *Id.*, Ex. 4. As mentioned

8 - OPINION & ORDER

above, she noted that if any of the email recipients had safety concerns, they could contact Public Safety directly. *Id.* Plaintiff asserts that Watson "planned" to retaliate against him, but he does not explain how that was to occur other than citing to the email and then alleging that she was "exposed." *Id.* ¶ 20. He contends that after being told not to contact Dr. Knight-Richardson, he never contacted him or his assistant again. *Id.* ¶ 21. He alleges that "they" have "block[ed] me from working at OHSU in retaliation to my complaints and whistleblowing on" Watson and Landry." *Id.* ¶ 24. Finally, he contends that he does not believe that this would have happened if he were not black. *Id.*

Like the allegations in the Complaint and the BOLI Complaint, the allegations in the Amended Complaint fail to allege any facts that Plaintiff made a complaint to anyone connected with Defendant about race or national origin discrimination. There are no facts indicating when such a complaint occurred, to whom it was made, or the content of such a complaint. Instead, the allegations are focused on complaints made regarding the invention.

Because Plaintiff's pleadings fail to allege any *facts* supporting a Title VII retaliation claim, that claim is dismissed.

III. State Law Retaliation Claim

O.R.S. 659A.199 prohibits employers from retaliating against employees who report potentially unlawful activity. O.R.S. 659A.199(a) (prohibiting employers from retaliating against an employee who has "in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation"). Although the text of the statute does not address its applicability to public employers, several decisions in this Court have concluded that O.R.S. 659A.199 is limited to claims against *private* employers. *E.g.*, *Lindsey v. Clatskanie*

*People's Util. Dist.*, 140 F. Supp. 3d 1077, 1094-95 (D. Or. 2015) (discussing cases distinguishing O.R.S. 659A.203 which applies to public employers, discussing the legislative history of O.R.S. 659A.199, and concluding that "ORS § 659A.199 does not apply to public employers"). The Oregon Legislature has made clear that Defendant is a public entity. O.R.S. 353.020. Thus, the claim brought under O.R.S. 659A.199 is dismissed with prejudice.

Defendant also seeks dismissal of this claim for the alternative reason that Plaintiff fails to state an actionable whistleblower retaliation claim. Defendant contends that Plaintiff cannot establish that he engaged in protected activity and cannot show a causal link between any protected activity and the later adverse employment decision. *Huitt v. Optum Health Servs.*, 216 F. Supp. 3d 1179, 1190 (D. Or. 2016) (reciting elements of prima facie case of retaliation under O.R.S. 659A.199 and O.R.S. 659A.203). Because, in an amended pleading, Plaintiff may seek to assert a state statutory whistleblower retaliation claim under O.R.S. 659A.203 which applies to public employers, I address Defendant's alternative arguments.

A. Protected Activity

Defendant first argues that complaints about the "misappropriation" of the hand function device by Dr. Landry and the failure to properly credit Plaintiff with the invention are not protected activity because Plaintiff assigned any rights he had to the device to Defendant and any complaints he had were about internal decisions made by Defendant. In support, Defendant relies on its response to Plaintiff's BOLI Complaint and the exhibits it submitted to BOLI along with its response. Pedersen Decl., Ex. 1, ECF 16-1.

When ruling on a motion to dismiss, courts must generally "disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint."

10 - OPINION & ORDER

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *cf.* Fed. R. Civ. P. 12(d) (explaining that should the district court decide to consider other materials, the motion is converted to a motion for summary judgment and the opposing party is given a reasonable time to respond). Under the "incorporation by reference" doctrine, however, courts may consider materials not contained in the complaint or in attachments to the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*

Defendant argues that under this doctrine, the Court may consider Defendant's response to Plaintiff's BOLI Complaint because Plaintiff's claim depends on the contents of the document attached to that response. Specifically, Defendant states that Exhibit A to Defendant's response to the BOLI Complaint is an intellectual property agreement signed by Plaintiff in 2011 in which he assigned all of his rights in the hand function device to Defendant. Defendant argues that because Plaintiff's whistleblower claim is based on his belief that he had some rights to the device and this document contradicts that claim, the document is appropriately considered on a motion to dismiss.

I disagree with Defendant. The incorporation by reference doctrine permits the court to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Id.* at 1076 (internal quotation marks omitted). In *Knievel*, the plaintiff brought a defamation claim based on the caption of a photograph on the internet that the plaintiff alleged was defamatory. In analyzing the defendant's motion to dismiss, the court was required by applicable defamation law to examine whether the caption was capable of sustaining a defamatory meaning. *Id.* at 1074. That determination required the statement to be examined in the context in which it was made.

*Id.* In evaluating the context, the court had to take into account all parts of the communication that are ordinarily heard or read with it. *Id.* at 1076. The photograph and caption at issue were part of seventeen photos with captions shown in sequence on a particular website. *Id.* One could not view the photo of the plaintiff without having viewed at least the previous nine photos and the website's homepage. *Id.* at 1076-77. Thus, the court concluded that even though the plaintiff did not explicitly allege the contents of the webpage in the complaint, because the viability of the defamation claim depended on the context in which the statement was made, the "incorporation by reference" doctrine allowed the court to consider the other captions and the homepage in order to assess that context without converting the motion to dismiss into a motion for summary judgment.

Similarly, in *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), the other case cited by Defendant, the plaintiff brought claims asserting that his health insurance plan had improperly denied his claim for a particular treatment. In dismissing his claims, the district court relied on an insurance plan document submitted by the defendant and which had not been expressly alleged by the plaintiff in his complaint. On appeal, the Ninth Circuit explained that the plaintiff's claims "rest on his membership" in the plan and on the terms of the plan. *Id.* Thus, documents governing "plan membership, coverage, and administrations are essential to his complaint." *Id.* Additionally, the complaint and the amended complaint had referred to the "group plan" and the plan's "cost containment program." *Id.* Therefore, because the claims depended on the language of the plan and the particular document's authenticity was not questioned, the district court properly considered the document in ruling on the motion to dismiss. *Id.*

In his whistleblower claim, Plaintiff must allege that because of some protected conduct, he suffered an adverse employment action. Under O.R.S. 659A.203, a disclosure of any information that the employee reasonably believes is evidence of a violation of any federal or state law, rule or regulation by the state, agency or political subdivision, is protected conduct. O.R.S. 659A.203(1)(b)(A). Plaintiff's claim does not specify what law, rule, or regulation he believes was at issue when he complained about the hand function device. Because the Court cannot identify the particular law at issue, it cannot conclude that any assignment of intellectual property rights is relevant to his claim and thus cannot conclude that the claim depends on that assignment.

While the BOLI Complaint is attached to the Complaint and may be considered, the response to the BOLI Complaint is not a document properly incorporated by reference because Plaintiff's claims do not depend on what is effectively Defendant's denial of his claims. By extension, considering an exhibit to the response to the BOLI Complaint is inappropriate. Even if Defendant submitted the assignment of rights independently of the response to the BOLI Complaint, I still would not consider it on a motion to dismiss. Plaintiff does not appear to seek royalties for the alleged "misappropriation" of his invention. *See* Compl.§ V (seeking as relief loss of income and retirement savings, pain and suffering, and removal of a "bar" to working at OHSU; further noting that he lost the opportunity to pursue a $200,000 grant to continue with research and development). This could suggest that he does not in fact allege that his complaints to Defendant implicated a violation of patent law rights. This in turn could suggest that an assignment of intellectual property rights may not be relevant to his claim.

Because at this point I cannot conclude that Plaintiff's whistleblower claim depends on

the assignment document, I do not consider it. However, the nature of Plaintiff's whistleblower claim is unclear and as it stands, it does not sufficiently state a claim and thus must be dismissed. Any future amendment of this claim should allege his protected conduct with more specificity as to what state or federal law, rule, or regulation violation he complained of, to whom, and when.[2]

      B. Causation

Next, Defendant argues that Plaintiff's whistleblower claim fails to sufficiently allege causation. I agree. Other than bare legal conclusions, Plaintiff does not assert facts capable of establishing that he suffered an adverse employment action *because of* protected conduct. The adverse employment action at issue is Defendant's rescission of its offer to hire him for the System Application Analyst position. But, Plaintiff does not put forth facts suggesting that because of his complaints, he was not hired. Additionally, as noted above, his reference to Watson's "planned" retaliation is vague and unclear and fails to assert how she was "exposed" or how that is relevant to his claim. Finally, I agree with Defendant that no inference of causation can be based on the temporal proximity between any alleged protected conduct and the alleged

---

    [2] Moreover, as Defendant notes, a complaint about internal policies or practices that an employee does not like is not protected activity, nor is a complaint about not being publicly recognized or feeling slighted. Such allegations do not state a whistleblower claim. *E.g.*, *Franklin v. Clarke*, No. CIV. 10-00382-CL, 2011 WL 4024638, at *9 (D. Or. Sept. 9, 2011) (noting that O.R.S. 659A.199 "protects employees who make an external or internal report that is intended or likely to result in the employer's enforcement or compliance with state and federal law") (internal quotation marks omitted); *Courtney v. Or. Dep't of State Police*, No. CIV.06-6223-TC, 2008 WL 2726931, at *13 (D. Or. July 11, 2008) (protected conduct under O.R.S. 659A.203 did not include "routine complaints about policies that employees must implement or practices that employees do not like") (internal quotation marks omitted), *aff'd sub nom. Courtney v. Or. State Police,* 349 F. App'x 208 (9th Cir. 2009); *Huff v. City of Portland*, No. 05-1831-AA, 2008 WL 1902760, at *5 (D. Or. Apr. 28, 2008) (internal policy complaints did not rise to level of protected activity under O.R.S. 659A.203 because they did not state a violation of state or federal law, rule, or regulation), *aff'd*, 342 F. App'x 282 (9th Cir. 2009).

14 - OPINION & ORDER

retaliatory employment decision. Plaintiff allegedly complained about the hand function device inventorship issue in 2012 and 2013. The job offer was rescinded in 2015. A time lag of two years is too long to raise an inference of causation. *See, e.g.*, *Clark Cnty Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (timing alone was insufficient to support a claim of retaliation when almost two years had passed between the protected activity and the adverse employment action); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) ("causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity," but eighteen months was too long to infer causation).

IV. Race & National Origin Discrimination Claims

Defendant moves to dismiss any claims based on race or national origin discrimination because Plaintiff fails to allege facts showing that Defendant took action against him because of his race or national origin. The standards for establishing claims of discrimination under O.R.S. 659A.030 are identical to those used to establish claims of discrimination under Title VII. *E.g.*, *Campbell v. Knife River Corp. Nw.*, 783 F. Supp. 2d 1137, 1147 (D. Or. 2011). Under either state or federal law, a plaintiff must put forth facts alleging that any conduct taken against him by Defendant was *because of* his race or national origin. 42 U.S.C. § 2000e-2(a)(1); O.R.S. 659A.030(1)(a).

Defendant concedes that Plaintiff alleges that he is a black male from Togo and that he makes an "observation" that being black in America is somehow equated with being "more prone to retaliation." BOLI Compl. ¶ 1; Am. Compl. ¶ 25. He also asserts that he does not believe "this would have happened" to him if he was not black, that Defendant's decision to rescind the job offer was "founded on derogatory assumptions" about him based on his race and national

15 - OPINION & ORDER

origin, and that he believes that Defendant discriminated against him based on his race and national origin by revoking his employment offer. BOLI Compl. ¶¶ 16, 21, Am. Compl. ¶ 25.[3]

In some cases, an allegation in a complaint that an adverse employment action was taken against an employee "because of" the employee's race, national origin, or other protected status, while in and of itself conclusory, might suffice to satisfy the causation element of the claim if the complaint otherwise alleged facts indicating that the person's protected status was the basis for the employer's decision. Here, however, other than conclusory assertions and Plaintiff's sole allegation that he is a black male from Togo, the Complaint, the BOLI Complaint, and the Amended Complaint contain allegations regarding the hand function device, Plaintiff's frustration with not being credited as an inventor of that device, his complaints about that lack of credit, and the later rescission of the employment offer in 2015. None of these allegations suggests a plausible claim for relief for race or national origin discrimination. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) (to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; "only a complaint that states a plausible claim for relief survives a motion to dismiss.") (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a

---

[3] I agree with Defendant that two other statements are argument, not assertions of fact, and should not be considered in determining if Plaintiff adequately states a discrimination claim. First, in the BOLI Complaint, he characterized Watson's email noting safety concerns created by Plaintiff as portraying him as an "angry Black male." BOLI Compl. ¶ 9. Second, in the Amended Complaint he suggests that Watson's call to the Public Safety Office was an example of "[r]acial stereotypical tactics ('the black man is dangerous')." Am. Compl. ¶ 8.

right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]") (citations and footnote omitted). Because Plaintiff fails to meet the required standard, these claims are dismissed.

V. Damages

Defendant moves to dismiss the entire action because the Amended Complaint omits a prayer for relief and the original Complaint seeks damages unavailable by law or unsupported by any allegations. Federal Rule of Civil Procedure 8(a) requires a pleading to contain a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). Defendant correctly notes that the Amended Complaint contains no such demand. But, as indicated above, I consider the Complaint and the Amended Complaint together in analyzing Defendant's motion and because the Complaint does contain a section specifically designated "Relief" with four specific requests, dismissal of the entire action is not warranted.

Defendant alternatively moves to dismiss three of the four damage requests. Plaintiff's first request for relief is for "Loss of income + retirement savings since 2013 - $500,000." Compl. § V. Although economic damages in the form of back pay are allowable in a federal or state discrimination or retaliation claim under Title VII or O.R.S. Chapter 659A, or in a whistleblower claim under O.R.S. Chapter 659A, Defendant notes that any damages sought for a date before April 15, 2015 are not supported by the facts alleged. Plaintiff alleges that his injury occurred in April 2015 when Defendant rescinded the job offer. BOLI Compl. ¶¶ 15, 21. Thus, any economic damages sought before April 2015 are not supported by the allegations. I agree with Defendant.

Plaintiff also seeks "Loss of opportunity to get $200,000 from Blue Print Health to

continue the R&D." Compl. § V.  The Complaint, BOLI Complaint, and Amended Complaint contain no facts referring to "Blue Print Health" or any "R&D."  Thus, there are no facts alleged supporting this particular damage request.  Defendant also argues that none of Plaintiff's claims provide for lost funding for research and development that would have gone to Defendant.  But, because of the omission of relevant facts regarding this requested relief, I cannot assess the viability of this relief as a matter of law.  Thus, Defendant can re-raise this particular argument if appropriate at a later time.

Plaintiff also seeks the "[r]emoval of bar from working at this public institution." *Id.* Defendant notes that while equitable relief is available under the relevant statutes, the Complaint, the BOLI Complaint, and the Amended Complaint set forth no facts suggesting that Defendant has actually banned Plaintiff from working there.  Again, I agree with Defendant that the pleadings do not allege that Plaintiff has been banned from employment with Defendant.

VI.  Rule 8 and Amendment

    A.  Rule 8

Defendant argues that the pleadings fail to provide a short and plain statement of claims which entitle Plaintiff to relief as required by Rule 8(a).  Defendant argues that the original Complaint and Amended Complaint together are nearly 100 pages and any facts contained therein are strewn about, irrelevant, and redundant.  The two pleadings together are seventy-six pages with many of those pages consisting of copies of emails and in the Amended Complaint, a numbered "Developments in Chronological Order" which itself contains copies of emails and editorial comments by Plaintiff about various events, several of which seem to bear little relevance to an actual claim.

Rule 8 requires complaints in federal court to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A court may dismiss a complaint under Rule 8 if the complaint is so conclusory, confusing, or wordy that a defendant cannot reasonably frame a responsive pleading." *Tran v. Kuehl*, No. 3:16-CV-707-AC, 2017 WL 465683, at *2 (D. Or. Jan. 5, 2017) (citing *Hearns v. San Bernadina Police Dep't*, 530 F.3d 1124, 1130–32 (9th Cir. 2008)), adopted by J. Brown, 2017 WL 461473 (D. Or. Feb. 2, 2017). Pleadings containing "*too much* irrelevant and redundant material" and which fail "to connect the relevant material" to the legal claims run afoul of Rule 8's requirements. *Sehat v. Progressive Universal Ins. Co. of Ill.*, No. 3:14-CV-01433-PK, 2016 WL 3002957, at *2 (D. Or. Apr. 15, 2016), adopted by J. Brown, 2016 WL 2889546 (D. Or. May 16, 2016). And, "if the factual elements of a claim are scattered throughout the complaint, and not organized into a short and plain statement, dismissal for failure to satisfy Rule 8 is proper." *Blackburn v. Long*, No. 2:16-cv-00570-KI, 2017 WL 1293017, at *1 (D. Or. Jan. 6, 2017).

The pleadings here do not comply with Rule 8(a)'s requirements. Thus, the Complaint and Amended Complaint are dismissed.

B. Amendment

"Dismissal for failure to comply with Rule 8(a)(2) does not resolve the merits of a case." *Tran*, 2017 WL 465683, at *2. The court must grant leave to amend when dismissing under Rule 8(a)(2) unless the plaintiff repeatedly files complaints that are noncompliant. *Id.*

Plaintiff's disability discrimination claim and his whistleblower claim under O.R.S. 659A.199 are dismissed with prejudice and may not be reasserted in any amended pleading. But, Plaintiff is given leave to amend his Title VII retaliation claim, his race and national origin

discrimination claims under Title VII and O.R.S. Chapter 659A, as well as his whistleblower retaliation claim if he asserts it under the correct Oregon statute. In any amended pleading, Plaintiff must comply with Rule 8 and file a Second Amended Complaint that contains a short and plain statement of each claim showing that he is entitled to the relief he seeks on each claim. That means asserting relevant facts only and omitting legal conclusions or argumentative observations. Additionally, any Second Amended Complaint should stand on its own and not incorporate by reference any prior pleading. *See Torres v. Hill*, No. CIV. 02-1126-BR, 2004 WL 2624687, at *1 (D. Or. Nov. 17, 2004) (advising the plaintiff that his amended pleading "will operate as a complete substitute for the present complaint, not as a supplement"; further advising the plaintiff that he "may not refer to his [prior pleading] by reference, and must set forth the complete, but concise, statement of the elements of each claim" in the new, amended pleading).

## CONCLUSION

Defendant's motion to dismiss [15] is granted. Plaintiff is given leave to file a Second Amended Complaint consistent with the rulings in this Opinion & Order, no later than twenty-one (21) days from the date this Opinion & Order is filed.

IT IS SO ORDERED.

Dated this \_\_8\_\_ day of \_\_August\_\_, 2017

_____
Marco A. Hernandez
United States District Judge